FILED
United States Court of Appeals
Tenth Circuit

October 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MATTHEW TAZIO REDMON; JUSTIN
JOSEPH RUEB,

      Interested Parties - Appellants,

TERRANCE MARIONEAUX and
ROBERT DOTSON, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

      v.

COLORADO STATE PENITENTIARY;
WILLIAM WILSON, Superintendent of the
Maximum Security Facility of the Colorado
State Penitentiary; ALLEN AULT,
Executive Director of the Department of
Corrections; ALBERT URIE, Chairman of
the Reclassification Committee,

      Defendants - Appellees.

Nos. 10-1011 & 10-1037
(D. Colorado)
(D.C. No. 1:78-CV-01065-JLK)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

    [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining appellants' briefs and the appellate records, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

Matthew Redmon and Justin Rueb, Colorado state prisoners proceeding pro se, filed substantively identical motions to intervene in and enforce a consent decree entered by the United States District Court for the District of Colorado in 1981.[1] The district court denied Redmon and Rueb's various motions, noting the case had been closed in 1990. The district court further noted that the order of closure had specifically indicated closure of the case would not prejudice the parties because closure "would allow inmates to seek judicial remedies on their own in state or federal court without having to go through [class] counsel or the time-consuming administrative proceedings" set out in the consent decree. Accordingly, the district court concluded the appropriate course was for Redmon and Rueb to commence individual civil rights actions on their own behalf.

Redmon and Rueb seek permission to proceed on appeal *in forma pauperis*. This court has jurisdiction pursuant to 28 U.S.C. § 1291. For those reasons stated by the district court, we conclude both Redmon and Rueb's appeals are frivolous.

---

[1]The consent decree flowed out of class action litigation instituted by Colorado state inmates alleging they had been placed in punitive and administrative segregation without due process. *See generally Marioneaux v. Colo. State Penitentiary*, 465 F. Supp. 1245 (D. Colo. 1979).

-2-

Accordingly, we hereby **DISMISS** these appeals.  28 U.S.C. § 1915(e)(2)(b)(i)

(providing that "[n]otwithstanding any filing fee, or any portion thereof, that may

have been paid, the court shall dismiss the case at any time if the court determines

. . . the . . . appeal is frivolous or malicious").  We deny the pending motions to

proceed *in forma pauperis* and order Redmon and Reub to pay the full appellate

filing fees.  All other pending motions are denied as moot.


                                 ENTERED FOR THE COURT


                                 Michael R. Murphy
                                 Circuit Judge